ILUMINADA RIVERA ENCARNACIÓN, ENRIQUE FELIPE LLANOS COLLADO, demandantes y recurrentes, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO; ABC INSURANCE CO., JOHN DOE, RICHARD ROE, FULANO DE TAL, CORPORACIÓN DE SERVICIOS MÉDICOS, UNIVERSIDAD DE PUERTO RICO, RECINTO DE CIENCIAS MÉDICAS, demandados y recurridos.

*Número:* R-82-214    *Resuelto:* 22 de octubre de 1982

*Wilfredo Luciano Quiñones*, abogado de los recurrentes; *Miguel Pagán, Procurador General Interino*, y *Justo Gorbea Varona, Procurador General Auxiliar*, abogados de los recurridos.

EL JUEZ PRESIDENTE SEÑOR TRÍAS MONGE emitió la opinión del Tribunal.

El 5 de julio de 1980 la codemandante recurrente, Iluminada Rivera Encarnación, dio a luz unos gemelos fraternos en el Hospital Universitario de Río Piedras. El 3 de agosto de 1980 sufrió una hemorragia vaginal y una baja en la presión sanguínea y fue atendida de emergencia en el Hospital Regional de Fajardo. Al día siguiente le extirparon el últero para salvarle la vida.

Los demandantes iniciaron esta acción el 3 de junio de 1981. El Estado presentó moción de sentencia sumaria fundada en que no se le notificó el daño y las otras circunstancias pertinentes dentro de los noventa días que exige el Art. 2A de la Ley Núm. 104 de 29 de junio de 1955 (32 L.P.R.A. sec. 3077a). En oposición a este escrito, los recurrentes

replicaron con la documentación debida que no adquirieron conocimiento de los daños reclamados hasta el 17 de febrero de 1981, fecha en que, tras innumerables gestiones, pudieron obtener copia parcial del récord médico de Fajardo. Del récord se desprendía que la causa de la hemorragia había sido la placenta degenerada dejada por los médicos que atendieron el parto. Se notificó entonces al Estado, conforme al Art. 2A citado, el 21 de abril de 1981, dentro de los noventa días que dispone la ley. El Tribunal Superior desestimó la demanda por no haberse realizado a tiempo la notificación requerida. Dictamos orden de mostrar causa por la cual no debe revocarse la sentencia.

El apartado *c* del mencionado Art. 2A (32 L.P.R.A. sec. 3077a(c)), provee en parte:

> La referida notificación escrita se presentará al Secretario de Justicia dentro de los noventa (90) días siguientes a la fecha en que el reclamante *tuvo conocimiento de los daños que reclama.* (Énfasis nuestro.)

El lenguaje utilizado es análogo al del Art. 1868 del Código Civil, 31 L.P.R.A. sec. 5298, al determinar que prescribe por el transcurso de un año la acción derivada de la culpa o negligencia *"desde que lo supo el agraviado".* En uno y otro caso el plazo no comienza a contar a partir de la ocurrencia del acto negligente o el daño, sino desde el conocimiento del daño.

Se ha señalado que la fecha de conocimiento del daño constituye un delicado problema de prueba e interpretación. L. Díez Picazo, *La Prescripción en el Código Civil*, Barcelona, Ed. Bosch, 1964, pág. 240; J. Puig Brutau, *Fundamentos de Derecho Civil*, Barcelona, Ed. Bosch, 1979, T. 1, Vol. I, 2da parte, pág. 894. La carga de la prueba recae sobre el demandante. Díez Picazo, *loc. cit.*; A. L. Da Cámara Leal, *Da Prescriçao e da Decadencia*, 2da ed., Río de Janeiro, Ed. Forense, 1956, pág. 38; A. Azevedo Franco, *A Prescricao Extintiva no Código Civil Brasileiro*, 3ra ed.,

Río de Janeiro, 1956, pág. 38. La dificultad reside en la variedad de circunstancias en que se da el problema del conocimiento del daño. Hechos distintos requieren soluciones diversas. Entre las diversas categorías de hechos se hallan la de los daños sucesivos o continuados; la de los daños instantáneos y permanentes; la del daño cuya extensión o cuantía no se manifiesta de inmediato; la del daño embrionario o latente, no identificable hasta el transcurso de determinado tiempo; la del daño que se oculta dolosamente por el autor; la de los daños múltiples, algunos de los cuales no son descubribles hasta más tarde; y la del daño desconocido, que no viene a detectarse hasta tiempo después del acto culposo. Q. M. Scaevola, *Código Civil*, Madrid, Ed. Reus, 1965, T. XXXII, Vol. 2, pág. 881; A. Borrell Maciá, *Responsabilidades derivadas de culpa extracontractual civil*, 2da ed., Barcelona, Ed. Bosch, 1958, pág. 344 *et. seq.*; A. Scialoja y G. Branca, *Commentario del Codice Civile*, Reimp. de la 2da ed., Roma, Soc. Ed. Foro Italiano, 1972, libro 6to, Art. 2947, págs. 290, 292; C. Viada, *La prescripción de las acciones y el perdón de los delitos*, 2da ed., Madrid, Ed. Reus, 1950, pág. 104; J. Castán Tobeñas, *Derecho Civil Español, Común y Foral*, 12ma ed., Madrid, Ed. Reus, 1978, T. 1, Vol. 2, pág. 963.

■ La especie que nos concierne en el caso de autos, al menos en esta etapa de los procedimientos, es la del daño desconocido. En su oposición a la moción de sentencia sumaria, como hemos visto, los recurrentes alegan que no habían establecido relación alguna entre el parto y la hemorragia vaginal que ocurrió semanas después; que cuando le extirparon el útero a la codemandante, la impresión que se le comunicó era que se debía a un tumor; que luego ella solicitó copia de sus records médicos y no quisieron dárselos; que tiempo después le informaron que sus records se habían extraviado, y que no fue hasta el 17 de febrero de 1981 que recibió copia parcial. Ante tales circuns-

tancias no podía dictarse sentencia sumaria en contra de los recurrentes.

Por las consideraciones expuestas, *se expedirá el auto, se revocará la sentencia dictada y se devolverá el caso a instancia para procedimientos ulteriores compatibles con esta opinión.*

Los Jueces Asociados Señores Dávila y Negrón García concurren con el resultado, sin opinión.