**Mercedes Santiago HODGE, et al.,**
**Plaintiffs, Appellees,**

v.

**PARKE DAVIS & COMPANY, et al.,**
**Defendants, Appellees.**

**Appeal of Julie FLORES TREVINO, et al., Plaintiffs, Appellants.**

**Nos. 86–2137, 87–1042 and 87–1459.**

United States Court of Appeals,
First Circuit.

Heard Sept. 18, 1987.

Decided Nov. 9, 1987.

David Rive-Rivera with whom Vargas & Rive, Hato Rey, P.R., was on brief, for plaintiffs, appellants.

Donald R. Ware with whom Steven W. Phillips, Foley, Hoag & Eliot, Boston, Mass., Charles P. Adams, Brown, Newsom & Cordova, Hato Rey, P.R., were on brief, for appellees.

Before BOWNES and BREYER, Circuit Judges, and LAGUEUX,* District Judge.

* Of the District of Rhode Island, sitting by desig-　nation.

BREYER, Circuit Judge.

Between 1970 and 1972, plaintiff Julie Flores Trevino worked for Parke Davis Laboratories, where she was exposed to a chemical that made her sick. In 1973 she sought workers' compensation. The Industrial Commission of Puerto Rico, finding that her working conditions caused her illness, granted an award. Several years later she sued Parke Davis & Company, the parent of Parke Davis Laboratories, claiming that the parent's negligence caused her illness. The defendant, citing Puerto Rico's one year statute of limitations, P.R. Laws Ann.tit. 31, § 5298 (1968), moved for summary judgment, attaching a copy of the workers' compensation proceedings. The district court granted the motion; it denied plaintiff's motion for reconsideration filed six months later. Plaintiff now appeals the judgment, seeking a new trial on the ground that there are factual disputes on the limitations issue. Fed.R.Civ. P. 56(c). We affirm the district court.

The relevant statute of limitations requires an "aggrieved person" to bring a negligence action within "one year ... from the time ... [she] had knowledge" of the potential liability. P.R. Laws Ann.tit. 31, § 5298 (1968). The "knowledge" in question consists of knowledge of the "injury" and the "person who caused it." *Colon Prieto v. Geigel*, 115 D.P.R. 232, 247, Official Translation at 16 (1984) (quoting I. A. Borrell y Soler, *Derecho Civil Espanol* 500 (Bosch ed.1955)). If a plaintiff brings an action more than a year after the injury took place, she bears the burden of proving that she lacked the requisite "knowledge" at the relevant times. *Iluminada Rivera Encarnacion v. Estado Libre Asociado de Puerto Rico*, 113 D.P.R. 383, 385 (1982) (appellee's notarized translation at 4).

■ In this case, the opinion of the workers' compensation commission reveals that the plaintiff knew of her injuries, their physical causes, and their relation to the workplace several years before she brought suit. It seems to us that, for summary judgment purposes, these findings end the matter. The point of the knowledge-of-injury-and-cause requirement

under Puerto Rican law, as in Spanish practice, is to help assure that the victims will be able to seek compensation. *See Colon Prieto*, Official Translation at 16 (though injury known, malpractice suit not barred because plaintiff did not know injury "caused by the fact that his right lingual nerve had been cut"); A. Borrell Macia, *Responsabilidades Derivadas de Culpa Extracontractual Civil* 344–45 (Bosch ed. 2d ed.1958), *quoted in id.*, Official Translation at 12 (beyond knowledge of injury, plaintiff must know "fact causing the damage," so that plaintiff *"could have brought the action "*) (emphasis in original); Borrell y Soler, *supra, quoted in Colon Prieto*, Official Translation at 15 (plaintiff "must also know who is the author of the injury ... *so he may know who to sue*") (emphasis added). The workers' compensation proceedings strongly indicate that plaintiff had this requisite knowledge. Plaintiff, in her opposition to the motion for summary judgment, pointed to no "specific facts" suggesting any unusual circumstance that might show the contrary. Indeed, she did not point to any "specific facts" at all. *See* Fed.R.Civ.P. 56(e) (party opposing summary judgement "may not rest upon the mere allegations or denials [in] ... pleading, but ... must set forth specific facts showing ... a genuine issue for trial"); *Celotex Corp. v. Catrett*, 477 U.S. 317, ——, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (Rule 56(e) requires nonmoving party to go beyond pleadings to designate "specific facts" on which party will bear burden of proof at trial). Thus, the court properly granted the motion for summary judgment.

■ Later, in her motion for reconsideration, plaintiff included an affidavit stating that she had not known until recently that Parke Davis & Co. owned Parke Davis Laboratories. But, we do not believe that this "specific fact" makes a difference, at least not in the circumstances of this case. Although Puerto Rican law requires knowledge of the "author" of, or "person who caused," the injury, it does not suggest that (at least in ordinary circumstances) a plaintiff must know the exact name of the tortfeasor or the precise intracorporate re-

lationships that determine the name of the appropriate defendant. Indeed, such a fact about corporate relationships, normally a matter of public record, is rarely the kind of fact that would prevent the limitations statute from beginning to run; it is not a "clandestine or hidden fact of which the holder of the right [i.e., the plaintiff], acting with the degree of diligence required by law, ... [would have] no knowledge." *Colon Prieto*, Official Translation at 15 (quoting I–1 J. Puig Brutau, *Fundamentos de Derecho Civil* 876–877 (Bosch ed.1979)). *See also* Borrell Macia, *supra, quoted in Colon Prieto*, Official Translation at 12–13 ("if ignorance [of a fact reflects the plaintiff's] negligence ... it would not be logical to reserve his rights, or to postpone the starting point of the statute of limitations"). That being so, we do not see how, given the workers' compensation proceedings, plaintiff, by pointing to this "corporate-ownership" fact alone, could have satisfied her burden of proving her lack of the requisite knowledge. The district court need not have reconsidered its grant of summary judgment, for proof of plaintiff's ignorance of this "corporate-ownership" fact seems most unlikely to have changed the legal result. *See Publishers Resource v. Walker–Davis Publications*, 762 F.2d 557, 561 (7th Cir.1985) (motions for reconsideration granted to correct manifest errors of law or fact); *Willens v. University of Massachusetts*, 570 F.2d 403, 406 (1st Cir.1978) (amendment of judgment discretionary with trial judge).

Finally, we note that several of appellant's relations, claiming emotional distress or other injuries dependent upon hers, joined her in this suit and this appeal. But it is apparently conceded that their legal fortunes rise or fall with hers. For these reasons, the judgment of the district court is

*Affirmed.*