**Carmen FRAGOSO de CONWAY,
Plaintiff,**

**v.**

**Dr. Maria A. LOPEZ, et al., Defendants.**

**Civ. No. 89–0470 (RLA).**

United States District Court,
D. Puerto Rico.

July 13, 1992.

Héctor M. Alvarado–Tizol, San Juan, P.R., for plaintiff.

Efren T. Irizarry–Colón, Arecibo, P.R., for defendants.

OPINION AND ORDER

ACOSTA, District Judge.

This case involves an action for medical malpractice under art. 1802 of the Puerto Rico Civil Code, P.R.Laws Ann.Tit. 31

§ 5141 (1956). Plaintiff alleges that decedent was over medicated which caused her death. Pending before the court is a motion for summary judgment filed by defendant Dr. Maria A. López alleging that the cause of action is time-barred under art. 1868 of the Puerto Rico Civil Code, P.R.Laws Ann.Tit. 31 § 5298 (1930).

## FACTS

### A. Medical Treatment

On September 13, 1984, Mrs. Milagros Rodríquez de Fragoso was seen as an outpatient at the Doctors Hospital by Dr. López. The physician diagnosed Mrs. Rodríguez as having transient cerebrovascular ischemic activity and referred her to Dr. Mojica for a neurological evaluation.

On October 13, 1984, Mrs. Rodríguez was admitted at the Doctors Hospital due to her complaints of episodes of arm and leg numbness. Dr. López conducted a cardiology consultation, on October 15. On the night of October 16, while still in the hospital, Mrs. Rodríguez fell and hit her head. Dr. López was informed of this incident and decided to conduct an electrocardiogram ("E.K.G.") the following morning. Early in the morning of October 18, Mrs. Rodríguez complained to the nurses of pressure in the chest and was seen by a staff physician. The notes taken by the attending nurse reveal that Dr. López was informed of this complaint and that she ordered another "E.K.G.". Later that morning, after examining Mrs. Rodríguez, Dr. López ordered a 50% reduction in the prescribed medication. That same day at 4:00 p.m. Mrs. Rodríguez developed chest pains and was given a nitroglycerin tab. Shortly after 6:30 p.m. on October 18, 1984, Mrs. Rodríquez suffered a heart-attack and died.

### B. Efforts

The plaintiff in this case is decedent's daughter who resides in Belleville, New Jersey. Mrs. Carmen Fragoso found out about the particulars surroundings her mother's death when she came to the funeral. Plaintiff contacted a lawyer to find out if there had been any negligence or malpractice by the hospital or the doctors who treated her mother. For this purpose, she hired attorney Héctor M. Alvarado Tizol on January 16, 1985.[1] On that same date, Mr. Alvarado Tizol drafted a letter requesting the medical record.[2] Plaintiff unsuccessfully attempted to secure copy of the hospital record. Mrs. Fragoso returned to New Jersey and left attorney Alvarado Tizol in charge of the case[3]. It took attorney Alvarado Tizol from January 16, 1985 to July 7, 1988[4] to obtain the record from the hospital, have it translated into English and forwarded to an expert to ascertain whether or not negligence or malpractice was involved. Dr. Thomas J. Whalen, the expert, took only two months (from July 7, 1988 to September 5, 1988) to conclude that possible malpractice was involved. Attorney Alvarado Tizol then proceeded to inform Mrs. Fragoso of the doctor's findings. The complaint was filed on April 5, 1989, less than one year later.

## APPLICABLE LAW AND CASES

█ The applicable statute of limitations for this action is one year from the time the aggrieved person has knowledge of the injury and who caused it. See art. 1868 of the Puerto Rico Civil Code, P.R.Laws Ann. Tit. 31 § 5298 (1930). A great deal of debate has been spawned over what constitutes actual knowledge for purposes of the statute. The Supreme Court of Puerto

1. At Mrs. Fragoso's deposition, Plaintiff stated that she saw attorney Alvarado Tizol in late April 1985 but this is clarified by her lawyer in the Memorandum of Law and Facts in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgement.

2. This letter is presented as exhibit 2 in Plaintiff's Opposition to Defendant's Motion for Summary Judgement ("Opp'n. Summ.J.").

3. Memorandum of Law and Facts in Support of Plaintiff's Opposition to Defendant's Summary Judgement, at 7.

4. According to counsel, he obtained the record "several months after it was requested". Memorandum of Law and Facts in Support of Plaintiff's Opposition to Defendant's Summary Judgement, at 8.

Rico has adopted the following concept of knowledge of Borrell y Soler.

"[I]n order to exercise the action, not only must the aggrieved person know that he has been injured; he must also know who is the author of the injury in order to address the action against him, so he may know who to sue; reason why, the statute of limitations is triggered off by the notice of the injury, plus notice of the person who caused it."

*Colón Prieto v. Géigel,* 115 D.P.R. 232, 15 Official Translations 313, 330 (1984), (citing I.A. Borrell y Soler, *Derecho Civil Español,* at 500 (Bosch ed. 1955)); see also, *Riley v. Rodríguez de Pacheco,* 119 D.P.R. 762 (1987).

The First Circuit Court has followed the Puerto Rico Supreme Court's interpretation of this provision stating that knowledge entails notice of both the injury and of the person causing it. *Sol Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d 512 (1st Cir.1989); *Hodge v. Parke Davis & Co.,* 833 F.2d 6 (1st Cir.1987). In fact, to interpret this concept in any other way may run afoul of Puerto Rico's Constitution. See *Alicea v. Córdova,* 117 D.P.R. 676 (1986) (fixed two year statute of limitations declared unconstitutional).

■ It is well established that when an action is filed more than a year after the injury takes place, plaintiff carries the burden of proving that he lacked the required "knowledge" within the statutory period. See *Hodge v. Parke Davis & Co.,* 833 F.2d at 7; *Sol Kaiser v. Armstrong World Indus., Inc;* 872 F.2d at 516. If this burden is not met the statute of limitations will then start to run from the day of the injury regardless of whether or not there is actual knowledge. *Colón Prieto v. Géigel,* 115 D.P.R. at 244, 15 Official Translations at 327; *Hodge v. Parke Davis & Co.,* 833 F.2d at 8; *Sol Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d at 516. See also, *Barretto Peat, Inc., v. Luis Ayala Colón Sucrs., Inc.,* 896 F.2d 656 (1st Cir.1990).

## DISCUSSION

■ Since this action was filed more than a year after the injury occurred, plaintiff must establish that (1) she did not have notice of the injury or knowledge of the person who caused the injury; and (2) that the reason for that lack of knowledge is not negligence or lack of care to acquire the necessary facts. *Colón Prieto v. Géigel; Hodge v. Parke Davis & Co.; Sol Kaiser v. Armstrong World Indus., Inc.* The way to accomplish this is by showing that plaintiff made a "diligent effort" to obtain the necessary information. "The key inquiry is whether plaintiff knew or 'with the degree of diligence required by law' would have known whom to sue." *Hodge v. Parke Davis & Co.,* 833 F.2d at 8 (citing *Colón Prieto v. Geigel*). *See also, Sol Kaiser v. Armstrong World Indus., Inc.,* 872 F.2d at 516. In this case, plaintiff must show that a "diligent effort" was made by her or on her behalf to obtain the records needed to establish that medical malpractice occurred before the statute of limitations had expired.

■ The Court agrees that plaintiff had no knowledge of the medical malpractice until September of 1989 when she was informed about Dr. Whalen's findings. However, this Court fails to understand why it took attorney Alvarado Tizol almost three and a half years to get the medical record from Doctors Hospital and translate it into English. The record was only sixty-five pages long. the sole explanation offered by attorney Alvarado Tizol in his Memorandum of Law and Facts in Support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment is basically that the hospital furnished an incomplete record the first time it was requested and that an entire set was not provided until three years after decedent's death.[5] This Court finds that under this set of facts no "diligent effort" was made. Attorney Alvarado Tizol has failed to submit any evidence of follow-up efforts made to obtain the records from the hospital during this inter-

---

5. See Memorandum of Law and Facts in Support of Plaintiff's Opposition to Defendant's Mo-tion for Summary Judgement, at 11.

im period. The only documents presented by counsel Alvarado Tizol pertaining to these endeavors are (1) a letter, dated January 16, 1985, addressed to the Doctors Hospital in which plaintiff requests a copy of decedent's medical file;[6] (2) a cover letter, dated September 10, 1987 from the Medical Record administrator for Doctors Hospital, certifying a copy of the original medical record consisting of 65 pages[7] and (3) a letter from Alvarado Tizol dated July 7, 1988, addressed to Dr. J. Christian Bajian, transmitting a copy of the medical records and requesting assistance in securing a medical opinion.[8] Such inordinate delay on the part of counsel Alvarado Tizol cannot be regarded as diligent conduct. Sadly enough, this causes that the same delay is accredited to his client. As stated by the First Circuit, "[t]he acts or omission of Counsel are visited upon the client." *United States v. One Lot of $25,721.00 in Currency*, 938 F.2d 1417, 1422 (1st Cir.1991); *accord United States v. Parcel of Land & Res. at 18 Oakwood Street*, 958 F.2d 1 (1st Cir.1992) ("[A]bsent unusual circumstances … the client must bear the onus of any unexcused neglect on the part of the counsel.")

In a summary judgement setting, the nonmoving party bears the burden of "establishing the existence of an issue of fact that could affect the outcome of the litigation and from which a reasonable jury could find for the opponent." *Rogers v. Fair*, 902 F.2d 140, 143 (1st Cir.1990). This burden must be met in plaintiff's opposition to summary judgement with specific facts that show the existence of a genuine issue of fact. *See United States v. O'Connell*, 890 F.2d 563, 565 (1st Cir.1989); Schwarzer, Hirsch and Barrans, The Analysis and Decision of Summary Judgment Motions, at 47 (Federal Judicial Center 1991).

In the case at bar, defendant fulfilled her burden by merely stating that the action was time-barred. Plaintiff, on the other hand, did not rebut this presumption in her Opposition to Defendant's Motion for Summary Judgement, by failing to show that

reasonable steps were taken by her or on her behalf to obtain the medical record. Plaintiff would have been diligent had she or her attorney been persistent in attempting to obtain the information necessary to acquire knowledge of a possible medical malpractice. As stated before, plaintiff having failed to meet her burden of "diligent effort", the one year statute of limitations began to run from the time the injury occurred instead of when knowledge was acquired.

> "[I]f ignorance thereof was based on the interested party's negligence or lack of care, only he could be charged with the consequences of such lack of care, and, in such case, it would not be logical to reserve his rights, or to postpone the starting point of the statute of limitation."

*Colón Prieto v. Geigel*, 15 Official Translations at 327 (citing Borrell Maciá, Responsabilidades Derivadas de Culpa Extracontractual Civil, at 344–45 (Bosch ed., 2d ed. 1958)).

Based on the foregoing, this presumption stands unopposed. There being no facts showing otherwise, the cause of action is time-barred and must therefore be dismissed.

### CONCLUSION

Accordingly, the Motion for Summary Judgement filed by defendant on March 6, 1990 (docket No. 40) is hereby GRANTED and the claims filed against DR. MARIA A. LÓPEZ are DISMISSED as time-barred. Judgment shall be entered accordingly.

It further appearing that JOHN DOE, defendant's husband, and her insurer, CORPORACIÓN INSULAR DE SEGUROS, were also named defendants, based on the foregoing, the claims filed against them are also DISMISSED.

IT IS SO ORDERED.

---

6. See Opp'n. Summ.J. Exhibit 2.

7. See Opp'n. Summ.J. Exhibit 9.

8. See Opp'n. Summ.J. Exhibit 10.