Angel **ALAMO, et al., Plaintiffs,**

v.

**MANGUAL CLEANING SERVICES, INC., et al., Defendants.**

Civil No. 96–1984 (JP).

United States District Court, D. Puerto Rico.

April 17, 1997.

Juan Ramón Rivas Rivera, Dávila Rivas & Goyco, Ponce, PR, for Plaintiffs.

Thomas Doran–Gelabert, Hato Rey, PR, for defendants.

### OPINION AND ORDER

PIERAS, Senior District Judge.

The Court has before it the unopposed motion of codefendants Universal Insurance Company and Mangual Cleaning Services, Inc. ("Mangual"), requesting partial summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure (**docket No. 17**). For the reasons explained below, this motion is hereby **GRANTED**.

### I. INTRODUCTION

This case involves a slip and fall at the Muñoz Marín International Airport in Carolina, Puerto Rico. Subject matter jurisdiction rests on the diverse citizenship of the parties and the amount in controversy. Plaintiff Angel Alamo alleges that he fell down some stairs near the Banco Popular branch office in the early morning hours of June 12, 1994. As a result of the fall, plaintiff suffered a scaphoid fracture and lunate dislocation of his right hand, which required surgery upon his return to New York. Plaintiff alleges that the stairs were wet and yet there were no signs advising passers-by that the floor was slippery. In his Initial Scheduling Conference Memorandum (docket No. 10), plaintiffs assert that there were maintenance employees mopping and cleaning the adjacent floor and there were no signs in place there either. Defendant Mangual hae a service contract with the Puerto Rico Ports Authority—the owner of the airport—pursuant to which it is charged with providing maintenance services to designated areas of the airport. Plaintiffs claim Mangual negligently. failed to take adequate measures to avoid unsafe conditions in the area and to avert others that the steps were wet and unsafe for use. He sues on his own behalf and on behalf of his two minor children, Angel and Jinet Alamo Rivera, pursuant to

Article 1802 of the Puerto Rico Civil Code.[1] Mangual raised the affirmative defense of prescription in its answer and has now moved for summary judgment on the ground that plaintiffs' claims are barred by the one-year statute of limitations applicable to tort claims under Article 1802. Paragraph 16 of the amended complaint (docket No. 14) states that although the accident occurred on June 12, 1994, plaintiffs did not discover the identity of the negligent party until August 15, 1995.

## II. SUMMARY JUDGMENT STANDARD

Rule 56(c) of the Federal Rules of Civil Procedure provides for the entry of summary judgment in a case where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Pagano v. Frank*, 983 F.2d 343, 347 (1st Cir.1993); *Lipsett v. Univ. of P.R.*, 864 F.2d 881, 894 (1st Cir.1988).

Summary judgment is appropriate where, after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, there is not the slightest doubt as to whether a genuine issue of material fact exists. *Kennedy v. Josephthal & Co., Inc.*, 814 F.2d 798, 804 (1st Cir.1987). A "genuine" issue is one that is dispositive, and which consequently must be decided at trial. *Mack v. Great Atl. and Pac. Tea Co., Inc.*, 871 F.2d 179, 181 (1st Cir.1989); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). A material fact, which is defined by the substantive law, is one which affects the outcome of the suit and which must be resolved before attending to related legal issues. *Mack*, 871 F.2d at 181.

The party filing a motion for summary judgment bears the initial burden of proof to show "that there is an absence of evidence to support the non-moving party's case." *Celo-*

tex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Thereafter, the burden shifts to the nonmovant to provide the Court, through the filing of supporting affidavits or otherwise, with "some indication that he can produce the quantum of evidence [necessary] to enable him to reach the jury with his claim." *Hahn v. Sargent*, 523 F.2d 461, 468 (1st Cir.1975), *cert. denied*, 425 U.S. 904, 96 S.Ct. 1495, 47 L.Ed.2d 754 (1976). The non-movant cannot rest upon mere allegations or denial of the pleadings. Fed.R.Civ.P. 56(e). Indeed, the non-movant must affirmatively show that "sufficient evidence supporting the claimed factual dispute [exists] to require a jury or judge to resolve the parties' differing versions of truth at trial." *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968), *reh'g denied*, 393 U.S. 901, 89 S.Ct. 63, 21 L.Ed.2d 188 (1968).

## III. UNCONTESTED FACTS

Since plaintiffs have not opposed the motion for summary judgment nor submitted a statement of controverted facts, the codefendants' statement of material facts is deemed uncontroverted. U.S. Dist. Ct. Rules D. Puerto Rico, Civil Rule 311.12.

1. Plaintiff Angel Alamo filed a complaint pending in this case against the appearing defendants on August 14, 1996. The complaint refers to an accident which occurred on June 12, 1994.

2. The Complaint is based on alleged negligence by employees of Mangual, consequently actionable under Article 1802 of the Civil Code of Puerto Rico. P.R. Laws Ann. tit. 31, § 5141 (1990).

3. As of November 18, 1994, plaintiffs became aware that the Luis Muñoz Marín Airport is property of the Puerto Rico Ports Authority and through counsel notified said entity through a registered return receipt letter dated November 18, 1994 (Exhibit A of defendants' statement of material facts).

---

1. Article 1802 states: "A person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done. Concurrent imprudent of the party aggrieved does not exempt from liability, but entails a reduction of the indemnity." P.R. Laws Ann. tit. 31, § 5141 (1990).

4. The Puerto Rico Ports Authority was not included in the complaint as a codefendant.

## IV. DISCUSSION

 There comes a certain point in time when the right to be free of stale claims overcomes the right to prosecute them. *United States v. Kubrick,* 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). For tort actions under Puerto Rico's Civil Code, that point is one year from the time the aggrieved person has knowledge thereof. Article 1868 of the Civil Code provides:

The following prescribe in one (1) year:

(1) Actions to recover or retain possession.

(2) Actions to demand civil liability for grave insults or calumny, and for obligations arising from the fault or negligence mentioned in section 5141 of this title, from the time the aggrieved person had knowledge thereof.

P.R. Laws Ann. tit. 31, § 5298 (1990). "Knowledge" includes both "notice of the injury" and "notice of the person who caused it." *Colón Prieto v. Géigel,* 115 D.P.R. 232, 244 (1984) (quoting I.A. Borrell y Soler, *Derecho Civil Español* 500 (Bosch ed.1955)). If a plaintiff brings an action more than one year after the injury, he bears the burden of proving that he lacked the requisite "knowledge" within the statutory period. *Santiago Hodge v. Parke Davis & Co.,* 833 F.2d 6, 7 (1st Cir.1987). To carry this burden, a plaintiff must establish that (1) he did not have notice of the injury or knowledge of the person who caused the injury; and (2) that the reason for that lack of knowledge is not negligence or lack of care to acquire the necessary facts. *Fragoso de Conway v. Lopez,* 794 F.Supp. 49, 50 (D.P.R.1992), *aff'd,* 991 F.2d 878 (1st Cir.1993). If plaintiff fails to meet this burden, the statute of limitations will start to run from the day of the injury regardless of whether plaintiff has actual knowledge. *Id.*

 "Notice of the injury" occurs when some outward or physical sign exists which permits the aggrieved party to realize that he has been injured. *Kaiser v. Armstrong World Indus. Inc.,* 872 F.2d 512, 516 (1st Cir.1989) (citing *Delgado Rodriguez v. Nazario de Ferrer,* 121 D.P.R. 347 (1988)). "Notice of the person who caused the injury" is required so that the injured person may know whom to sue. *Id.* (citing *Riley v. Rodríguez de Pacheco,* 119 D.P.R. 762 (1987)). The relevant inquiry under this prong of the knowledge requirement is whether plaintiffs knew or with the degree of diligence required by law would have known whom to sue. *Id.* (citing *Santiago Hodge,* 833 F.2d at 8). Moreover, a plaintiff may know the author of the injury without knowing the exact name of the tortfeasor or the precise intracorporate relationships that determine the name of the appropriate defendant. *Santiago Hodge,* 833 F.2d at 7–8. For example, this Court held in *Rosado Serrano v. E.I. Dupont de Nemours and Co.,* 797 F.Supp. 98 (D.P.R.1992), that the plaintiff knew the authors of his injuries as of the date on which a doctor informed him that he suffered from general neuropathy and that this condition was likely the result of exposure to chemicals at work. The Court found that this information was sufficient to convey to plaintiff the possible authors of his injury—the companies who manufactured the chemicals with which plaintiff came into contact at work—and that with minimal investigation, which is required by law, plaintiff could have ascertained the names of the relevant companies and commenced a lawsuit against them. *Id.* at 103.

 In the case at bar, Mr. Alamo had notice of his injury on the same day of his fall. He also knew the authors of his injury—the owner of the premises and the employer of the allegedly negligent maintenance employees cleaning the area—even if he did not know their exact names. With minimal investigation, plaintiff could have ascertained the names of these two entities. This assertion is evidenced by a letter that Attorney Roberto E. Dávila [2] sent to the General Manager of the Luis Muñoz Marín Airport on November 18, 1994. Defendant attached a copy of this letter as Exhibit A to its statement of material facts. In the letter, Mr. Dávila advised the Airport that he represent-

---

2. A colleague of plaintiffs' current counsel.

ed Mr. Alamo with respect to the fall and requested the name, address and telephone number of the company that provided maintenance services at the airport as well as that his letter be forwarded to the responsible insurance company. Counsel for plaintiffs acknowledged the authenticity of this letter at the Initial Scheduling Conference, at which time a copy was produced for the Court. Plaintiffs have likewise declined to dispute the existence and contents of the letter by submitting a statement of controverted facts. The letter establishes that plaintiffs, via their attorney, knew the name of one of the tortfeasors as of November 18, 1994, and therefore should have sued no later than November 18, 1995. Nonetheless, the Court need not rely on this letter in granting judgment in favor of the defendants.[3] Certainly it is common knowledge—particularly in the legal community—that the Luis Muñoz Marín Airport is owned by the Port Rico Ports Authority. Had plaintiffs undertaken reasonable efforts to determine the actual names of the tortfeasors, they would have encountered no difficulty in determining that the Airport is owned by the Puerto Rico Ports Authority. They could have sued this tortfeasor and obtained the name of the maintenance company through discovery if necessary. As plaintiffs' lack of knowledge is due to their own negligence in acquiring the necessary facts, the statute of limitations began running on June 12, 1994. Consequently, this action is time-barred. Judgment shall be entered accordingly.

IT IS SO ORDERED.

<hr />

**3.** Letters unaccompanied by affidavits affirming their authenticity generally may not be considered as evidence on a motion for summary judgment. *See Stone and Michaud Ins., Inc. v. Bank*

*Five for Sav.,* 785 F.Supp. 1065, 1071 (D.N.H. 1992); *Kelly v. Johns–Manville Corp.,* 590 F.Supp. 1089, 1097 (E.D.Pa.1984).